# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRACY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1072-M |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On July 8, 2015, United States District Judge Vicki Miles-LaGrange entered an Order and Judgment in this case reversing the decision of the Acting Commissioner of Social Security Administration and remanding this case for further administrative proceedings. Based on same, on July 15, 2015, counsel for plaintiff timely filed a Motion for Attorney's Fees Under the Equal Access to Justice Act, requesting an award of fees in the amount of $8,930.30. On July 28, 2015, defendant filed her response. Plaintiff has filed no reply.

Under the Equal Access to Justice Act, the prevailing party in an action brought by or against the United States is entitled to fees, other expenses, and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is the government's burden to show that its position was substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "To do so, the government must prove that its case had a reasonable basis in law and in fact." *Id.* Further, the United States Supreme Court has defined "substantially justified" as "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

> In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified. The term "position" includes the government's position both in the underlying agency action and during any subsequent litigation. The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue.

*Hadden*, 851 F.2d. at 1267 (internal citations omitted). The Tenth Circuit has held that the government's position can be substantially justified even though it is not correct. *See Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

In her response, defendant asserts that the government's position was substantially justified. Specifically, defendant asserts that the articulation of the sit/stand option was reasonable in law and in fact. Further, regarding the sit/stand option, defendant cited a recent unpublished Tenth Circuit decision approving of a sit/stand option with generalized terms.

Having carefully reviewed the parties' submissions and the case file, the Court finds that defendant has satisfied her burden of showing that the government's position was substantially justified. Specifically, the Court finds that the government's position, although ultimately determined to be incorrect by this Court, had a reasonable basis in fact and in law and was justified to a degree that could satisfy a reasonable person.

Accordingly, the Court DENIES plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act [docket no. 21].

**IT IS SO ORDERED this 21st day of October, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE